## Case No. 5,244.

### The GARNET.

### [3 Sawy. 350.] 1

District Court, D. California. June 8, 1875.

RIGHT OF MASTER TO DISCHARGE SEAMAN FOR MISCONDUCT.

Where the first mate of a ship, before leaving the home port, became so intoxicated as to be disobedient, insolent to the master, and neg-

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

ligent in his duty: Held, that the master was justified in discharging him, while in the home port, for that one offense.

Libel to recover damages for an unlawful discharge.

D. T. Sullivan and James Crittenden, for libellant.

Andros & Page, for claimants.

HILLYER, District Judge. The libellant shipped on board the Garnet on Friday, April 2, as chief officer, at fifty dollars per month. On Saturday the Garnet, then lying at her wharf, was hauled off into the stream. On that day, before the beginning of the voyage, the incidents which led to the libellant's discharge happened, and the first question is, whether the conduct of the first mate was such as justified his discharge, he having been discharged by the master on Monday, the fifth of April; for if the discharge was right the libellant has no case, and the consideration of the other questions is needless.

Making due allowance for the quality of some of the evidence given by the seamen on behalf of the claimant—the contradictions in their statements, being mostly on points not essential—enough appears by a very decided preponderance of evidence to show that the libellant, on Saturday, was so much under the influence of liquor that he was stupid and unfit for duty.

Before the conclusion of the argument this was admitted by libellant's counsel. When the ship hauled off, the master, owing to the mate's condition, was obliged to do much of his duty. When left that afternoon in charge of the ship he omitted many things which it was his duty to do, and in the evening when ordered by the master to go down and stow the provisions out of the water, which was leaking from a water cask, he refused to go, saying the provisions were all right. He was also guilty of using foul and disrespectful language to the master.

Admitting the mate's drunkenness, counsel for libellant argue that the neglect of duty, disobedience and disrespect were caused by the mate's taking too much liquor, and that for this single offense the master may not lawfully discharge him.

Curtis says that the spirit of the English and American tribunals has been not to assign specific offenses for which a mariner, under all circumstances may be discharged; but it is laid down, generally, that the master may discharge for a legal cause, not for slight or nominal causes, and certainly not for a single offense, unless of a very aggravated character, thus leaving the master's justification to depend upon the degree and nature of the mariner's misconduct, under all the circumstances of the case. The station of the party and the nature of his duty are always to be kept in view. Merch. Seam. 149, 150.

Thus the dismission of a cook or steward, when found incapable from drunkenness,

may be ratified with more latitude than that of mariners. Black v. The Louisiana [Case No. 1,461].

In deciding upon the legality of this discharge, then, the fact that the libellant was chief officer must be kept in view; also that he was discharged before the beginning of the voyage and in a home port. That there is an important distinction between a discharge in the home port before the voyage has commenced, and one afterward in a foreign port, before the termination of the voyage, is, I think, perfectly plain to every mind. Clearly, when it appeared that a mariner, after weeks or months of faithful service, had been discharged and his wages claimed to be forfeited, the courts would require proof of more aggravated misconduct than when the seaman had been discharged in his home port before the voyage had begun. But in this case the misconduct happened on the day after the libellant shipped, before the voyage had begun, and before two days' wages had been earned. True, the contract had been made and the master was bound to fulfill it, unless the misconduct of the mate was such, as under the circumstances, justified the master in discharging him.

The office of first mate is the second in importance on board a ship. During the absence of the captain or his inability from sickness, his duties devolve on his mate, and the importance of having a sober, faithful and competent man in this place can hardly be exaggerated. The lives and property on board may all be dependent upon his skill and competency. What is said in the cases tending to establish the doctrine that a seaman ought not to be discharged for one act of drunkenness, disobedience or neglect of duty, it seems to me is not applicable to the case at bar. In those cases the seaman had been discharged in a foreign port after long and generally faithful service, and the language of the courts should be read in the light of the facts of the case in which it was used. The present is very different from such cases.

On Saturday, the master left the ship in charge of the libellant, and was absent about three hours. On his return he finds the libellant stupid through liquor, the ship in disorder and the provisions uncared for. His remonstrances, his inquiries and his censure are met by insolence and foul language and his orders with disobedience. No court, I think, can say that under these circumstances the master was bound to go to sea with a chief officer who made such a beginning as this, and wait for another act of drunkenness or disobedience; or to try any experiments with a man who at the outset displayed the character this man did, while he would at the same time be risking the safety of the ship, its cargo and crew. On the contrary, he would have failed in his duty to the owners and to all the interests intrusted to him had he allowed the libellant to remain as chief officer, and commenced the voyage with him. Courts of admiralty, says Judge Lowell, are not very severe with seamen who happen to get drunk once or twice, especially if they are off duty. But the first officer has a much higher responsibility than the crew and must be proportionately careful in his conduct; and if he fails when left in command the master is justified in visiting such an offense with a severe punishment. The Eldorado [Case No. 4,327]. In that case the mate's discharge in Liverpool, a foreign port, was justified because he got drunk when left in charge of the ship.

I consider the master of the ship Garnet legally justifiable for the discharge of the libellant.

The libel, therefore, is dismissed with costs.