THE SUPERIOR.

*(District Court, N. D. New York. January, 1885.)*

SEAMEN'S WAGES—INSOLENT COOK—DISCHARGE.

A woman, who had shipped on a barge for the voyage from Buffalo to Bay City and return as cook, used insulting and impertinent language to the master, refused on one occasion to obey his orders as to the time when she should do the washing for the crew, and finally was forcibly removed from the vessel by a deputy-marshal employed by the master, when she reached Bay City. She refused to receive the amount tendered her for wages up to the time of her discharge and to sign a release in full, and on her return to Buffalo filed a libel to recover wages for the whole voyage, car fare from Bay City to Buffalo, and alleged damages to her clothing. *Held,* that the master, notwithstanding her conduct, was not justified in turning her away penniless, friendless, and alone in a foreign port, and that she was entitled to recover wages for the voyage, and her traveling expenses, but not for any damage to her clothing.

In Admiralty.

On the fourteenth day of June, 1884, the libelant shipped on the respondent's barge as cook for a voyage from Buffalo to Bay City and return, "if not sooner discharged." The libelant testified that the words quoted were inserted in the shipping articles without her knowledge or consent. The vessel reached Bay City on the twenty-first of June. During the voyage the libelant used indecent language to the master on several occasions, and once refused to obey him as to the time when she should do the washing for the crew. On arriving at Bay City he discharged her, but she refused to leave the vessel, and was insulting and impertinent in her demeanor. Finally, the services of a deputy United States marshal were secured, and she was removed. The master tendered her $3.50, the amount due at that time, upon her signing a release in full. This she declined to do. Her clothes were put by the deputy-marshal in a tug office, where they remained several weeks during her stay at Bay City. They were considerably damaged when she took them away. She was obliged to pay six dollars railroad fare to Buffalo. The barge completed her return trip July 1st.

The libelant seeks to recover—*First*, wages at the rate of fifteen dollars per month, eight dollars; *second*, car fare from Bay City to

Buffalo, six dollars; *third*, damage to clothing at Bay City, eight dollars.

*Clinton & Clark*, for libelant.

*Josiah Cook*, for respondent.

COXE, J. That $3.50 was due to the libelant at the time of her discharge can hardly be disputed. This sum has not been paid, and, although a tender of the amount was made, it was coupled with conditions which she was not required to accept. The offer made at Bay City was not renewed in the answer or upon the hearing. Being a conditional tender, it was, even in the admiralty, insufficient. *Boulton* v. *Moore*, 14 FED. REP. 922; *The Cornelia Amsden*, 5 Ben. 315. It would seem, therefore, that in no event could there be a decree dismissing the libel. But, irrespective of these considerations, I think the libelant entitled to recover wages for the voyage. The weight of evidence has convinced me that her temper was ungovernable, her language obscene, profane, and disrespectful, and her conduct, upon at least two occasions, reprehensible in the extreme. I fail, however, to find anything in the testimony which justified the master in turning her away penniless, friendless, and alone — a stranger in a foreign port. The books have been searched with some anxiety to find an authority sustaining the respondent's view, but without success. Discharges, pending the voyage, have been upheld where there has been "mutinous and rebellious conduct, persevered in; gross dishonesty or embezzlement, or theft, or habitual drunkenness; or where the seaman is habitually a stirrer-up of quarrels, to the destruction of the order of the vessel and the discipline of the crew." But lesser offenses are looked upon as venial, and are leniently dealt with in the admiralty courts. The damage to the libelant's clothing is too remote to be recovered in this action.

There should be a decree in favor of the libelant for $14, with interest from August 13, 1884, besides costs.