## THE IDLEHOUR.

(District Court, N. D. New York. October 19, 1894.)

SEAMEN'S WAGES—DISCHARGE.
  Claims for wages are highly favored in admiralty courts, and discharges are not justified for trivial causes.

The libelant, Frederick Bradley, was employed as mate of the steamer Idlehour during the summer of 1894. The steamer made excursion trips from Buffalo to points on the Niagara river. The libelant was employed May 8, 1894. He was discharged July 15, 1894.

Both sides agree that he was to be boarded by the claimant, but there is a dispute as to the date when this agreement took effect. The steamer did not begin her regular trips until June 9, 1894. The libelant contends that he was entitled to be paid for his board for a month from May 8th to June 9th, although the crew had not been assembled and those that were employed were only engaged in fitting the vessel out for the summer's business. The claimant insists that the agreement to board the crew commenced when the steamer began running on June 9, 1894. The claimant also insists that the contract was not by the month but by the day "at the rate of $65 per month," and that the libelant is only entitled to a per diem com-

pensation for the days when he actually worked, prior to the time the steamer commenced her regular trips. The libelant maintains that the contract from its inception was by the month and that the claimant had no right to discharge him except at the end of a month. Before the Idlehour commenced running, but some time after the contract was made with the libelant, he was informed that it was a regulation of the claimant that the officers and crew should, when on duty, dress in uniform. The libelant demurred to this at first, but afterwards consented to purchase a uniform. He now seeks to recover the sums deducted from his wages in payment of this uniform. The master and the mate did not agree and the mate was discharged, the master maintaining that under the terms of the agreement he could do this at any time.

Urban C. Bell, for libelant.

Harry D. Williams, for claimant.

COXE, District Judge. I am convinced that the claimant did not agree to furnish board to the libelant until the Idlehour commenced her regular trips. After the crew were assembled arrangements could be made for boarding them together, not before. This would seem to be in accordance with custom and common sense. The claim for board prior to June 9th, is, therefore, disallowed.

The contract was clearly by the month and not by the day. The proof discloses no other agreement. The court cannot consider what the claimant intended to do but only what the parties actually did do. The deductions for May 30 and June 2 were unauthorized. If shipowners would observe ordinary precautions and require these agreements to be in writing controversies like the present would seldom occur.

The regulation that the crew of the Idlehour should dress in uniform was a perfectly proper one. In fact the claimant would have been subject to censure had he attempted to run an excursion steamer manned by a crew clad in the motley garments of landsmen. It is hardly to be supposed that every item of detail like this would have been remembered at the time the original agreement was made. Although the libelant objected at the outset he subsequently agreed to the purchase of the uniform.

The discharge was unauthorized. There was nothing in the libelant's conduct to warrant it. The claims of mariners for wages are highly favored by the courts and discharges are not justified unless for causes far graver than anything developed by this evidence. The Superior, 22 Fed. 927; The Garnet, 3 Sawy. 350, Fed. Cas. No. 5,244; The Maria, 1 Blatchf. & H. 331, Fed. Cas. No. 9,074; The Mentor, 4 Mason, 84, Fed. Cas. No. 9,427. It follows that the libelant is entitled to a decree for $59.90, and costs.