## THE DRYDEN.

### NEAL v. LYKES BROS.–RIPLEY S. S. CO., Inc.

### No. 9948.

Circuit Court of Appeals, Fifth Circuit.

April 23, 1942.

Rehearing Denied June 2, 1942.

R. A. Dowling, of New Orleans, La., for appellant.

Jos. M. Rault and Benjamin W. Yancey, both of New Orleans, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

The libel was for wages and for penalties for their withholding. The defense was that because of incompetence, neglect of duty, and insubordination, libellant had, with the authority and approval of the Vice-Consul of the United States in London, been disrated from steward to work-a-way, and his earned wages to date had been tendered and refused.

The district judge, finding that libellant was actually incompetent to perform the work of steward and was properly removed from that position, that he was in good faith disrated to work-a-way, that there was a good faith dispute as to whether he was due any wages, and that his wages cannot therefore be said to have been withheld without sufficient cause, denied the recovery of penalties. Holding however that instead of disrating libellant to work-a-way he should have been disrated to a lower position with pay, he awarded him $148.00 wages.

Libellant alone has appealed, insisting that the district judge was wrong, and that he should have both steward's wages and penalties for their non-payment. Appellee, not appealing, yet insists that the whole case being before us, we should here enter judgment that libellant take nothing. We think it quite clear that the issue upon which the case went against libellant below, was one purely of fact; that while there was evidence from which the conclusion might have been drawn, as was done in Trent's case (Trent v. Gulf Pac. Lines) [1] that the discharge was not warranted, there is abundant evidence to support the conclusion that it was; and that the decree should be affirmed throughout.

Affirmed.

[1] It was there found that though the cook, an old negro 65 years old, was cantankerous and contentious, this was not the proximate cause of the trouble. It was that the Captain wholly failed as Captain to master his ship and assert there the authority with which his position had vested him. D.C., 42 F.2d 903.